IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60629
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD JEFFERSON,
a/k/a "Peanut,"

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
(USDC No. 4:93-CR-21-D)
- - - - - - - - - -
May 28, 1997
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Jefferson appeals from the order reimbursing the Government $8,622 for the cost of paying Jefferson's legal representation in his criminal proceedings from funds seized from Jefferson when he was arrested, pursuant to 18 U.S.C. § 3006A(f).

Jefferson contends that the district court's reimbursement order violated the Due Process Clause because he had no prior knowledge that the Government would argue for forfeiture under

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§ 3006A(f); because the district court and the Government denied him the assistance of retained counsel at trial and did nothing to help him obtain a refund from retained counsel; because he was not informed during his criminal proceedings that future reimbursement was a condition of appointment of counsel; and because the Government failed to direct the court's attention to the funds used for reimbursement when the court investigated Jefferson's financial status before appointing counsel. He argues that the district court failed to investigate adequately his financial status before appointing counsel; that the district court lacked authority to order reimbursement after his conviction and sentence were affirmed by this court; that the district court lacked authority to order forfeiture of his funds after it was ordered returned to him by a state court; and that the district court lacked authority to order reimbursement under § 3006A(f) after the Government failed to seek forfeiture under 21 U.S.C. §§ 853, 881.

Jefferson received notice of the hearing regarding the Government's reimbursement motion and his own motion for return of the funds to him. He received a meaningful opportunity to be heard at the hearing on the motions. Jefferson received the process due to him. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058 (1996). Regarding Jefferson's remaining arguments, we have reviewed the record and the briefs of the party and we find no reversible error. Accordingly, we affirm for essentially the reasons relied upon by the district court. *See United States v. Jefferson*, No. 4:93-CR-021-D (N.D. Miss. Sep. 5,

2

1996).  Finally, Jefferson's motion for appointment of appellate counsel is DENIED.

AFFIRMED.